OPINION
{¶ 1} Allan K. Vrable, plaintiff-appellee, commenced an action against Extendicare Health Services, Inc. ("Extendicare"), defendant-appellant, alleging that Extendicare, the successor in interest to Arbor Health Care Company, owes $155,976.19 for interest on a promissory note entered into between appellee and appellant on June 30, 1995. Extendicare denies owning anything on the promissory note alleging that the principal and interest had been paid in full.
 {¶ 2} Both parties filed motions for summary judgment. The trial court granted summary judgment to appellee and rendered judgment against appellant in the sum of $155,976.19.
 {¶ 3} Extendicare appeals, asserting the following assignment of error:
The trial court erred in finding that interest should be compounded on a promissory note that called for payment of simple interest on principal and made no reference to compounding.
 {¶ 4} There are no disputed facts. A promissory note in the original sum of $4,750,000 and all payments made thereon are stipulated by the parties. The only issue in dispute is the interpretation of the provision in the promissory note relating to the calculation of interest on the note.
 {¶ 5} The promissory note as pertains to this determination reads as follows:[1]
 PROMISSORY NOTE
 $4,750,000 Lima, Ohio
 June 30, 1995

For value received, the receipt and sufficiency of which are hereby acknowledged, the undersigned, Arbor Health Care Company, a Delaware corporation ("Payor"), hereby promises to pay to the order of Allan K. Vrable ("Payee") or his heirs, personal representatives and assigns, at 6211 Sun Blvd., 108E, St. Petersburg, FL 33715, or at such other place as the holder hereof may, from time to time, designate in writing, the outstanding principal balance of Four Million Seven Hundred Fifty Thousand and No/100 Dollars ($4,750,000), with simple interest on the unpaid principal sum hereof at a rate of eight percent (8%) per year, payable at the times and on the terms as hereinafter provided in this promissory note (the "Note"):
1. Interest hereon and the principal sum shall be paid in lawful money of the United States of America.
2. Payor shall make nine (9) equal semi-annual payments of principal and interest to Payee, which payments shall be based on a ten (10) year amortization period. Each payment shall be made in immediately available funds. At the end of the fifth year after the execution of this Note, Payor shall pay to Payee all remaining principal then outstanding under this Note, together with all interest accrued to date, and this Note shall be cancelled. The schedule of such payments is attached hereto as Exhibit A.
 SCHEDULE OF PAYMENTS
 NO. DUE PAYMENT INTEREST PRINCIPAL BALANCE
 DATE AMOUNT
 1. 01/01/96 $349,513.31 $190,000.00 $159,513.31 $4,590,486.69
 2. 07/01/96 349,513.31 183,619.47 165,893.84 4,424,592.85
 3. 01/01/97 349,513.31 176,983.71 172,529.60 4,252,063.25
 4. 07/01/97 349,513.31 170,082.53 179,430.78 4,072,632.47
 5. 01/01/98 349,513.31 162,905.30 186,608.01 3,886,024.46
 6. 07/01/98 349,513.31 155,440.98 194,072.33 3,691,952.13
 7. 01/01/99 349,513.31 147,678.09 201,835.22 3,490,116.91
 8. 07/01/99 349,513.31 139,604.68 209,908.63 3,280,208.28
 9. 01/01/00 349,513.31 131,208.33 218,304.98 3,061,903.30
 10. 07/01/00 3,184,379.43 122,476.13 3,061,903.30 0.00
 {¶ 6} As previously stated, it is undisputed that appellant paid the principal payments due under the note. At issue is the method by which interest was to be computed. Appellant contends that all interest was paid calculating interest on the unpaid principal sum at the rate of eight percent per year as provided unambiguously by the terms of the note. Appellee contends that interest should have been compounded by recalculating interest every six months including interest unpaid because appellant had missed payments.
 {¶ 7} From the payment schedule, it is apparent that the loan was intended to be simple interest on a declining balance principal with the principal being recalculated every six months until the final balloon payment was made. Mathematically, it is clear that the interest each six months for the six payments which were made was based on simple interest at eight percent per annum (four percent for six months). The effect of the unanticipated delay in payments was that the final balloon payment of principal and accrued interest was made on February 26, 2002, rather than July 1, 2000, and that the final three six-month payments were eliminated from the calculation of the balloon payment.
 {¶ 8} The interest problem arose because, due to no fault of appellant, or its predecessor, only the first six required payments as provided in the payment schedule were regularly made, those being made from January 1, 1996 to July 1, 1998. For reasons not pertinent to this determination, which were not attributable to either party, no further payments were made until final payment of the principal and accrued interest by appellant's calculation was made to appellee on February 26, 2002, in the amount of $4,770,822.59. Appellant's accountant used the schedule, including the missed six-month payments, in adding interest of $1,078,870.16 obtained by simple interest calculations to the conceded principal still due of $3,691,952.18 for its final payment of $4,770,822.59.
 {¶ 9} On the other hand, appellee asserted that interest should be charged on interest during the missed payment times and the interest due at time of payment equaled an additional $155,976.19.
 {¶ 10} The dispute turns on how the interest should be calculated from the period of July 1, 1998, until the final payment was made on February 26, 2002. As noted by the schedule, interest due was adjusted every six months and paid at the rate of four percent on the new recalculated and lower balance. Obviously, there was no change in the balance of the principal from July 1, 1998, until payment time of February 26, 2002, because no payments had been made to reduce the balance.
 {¶ 11} The trial court agreed with appellee's calculations, construing the payment schedule in the note as compounding, and came to the conclusion that, since appellant received an advantage of recalculation of the eight percent interest, based on the four percent semi-annual recalculation of the principal, appellant received the advantage of compounding. The trial court concluded that, during the non-payment times, the deferred interest should be added to the principal every six months for a recalculation of the interest finally due.
 {¶ 12} We disagree with the trial court that the note provided compounding in favor of appellant. The note contained a provision for simple interest of eight percent per annum with the principal to be recalculated every six months after subtracting the payment on the principal for the previous six months. It clearly provided for payment of eight percent interest on the unpaid principal and was based on a declining principal basis. Simple interest means that interest will not be charged on interest, but only on principal.
 {¶ 13} To summarize, the intent of the parties was clearly to charge simple interest at the rate of eight percent per annum on the unpaid principal which was to be recalculated every six months until final payment. Semi-annual payments were made until July 1, 1998, when the principal balance of $3,691,952.13 existed.
 {¶ 14} That balance, upon which the parties intended that eight percent per annum simple interest be paid, remained unchanged until the final payment was made on February 26, 2002. That final payment was to include principal plus accrued interest.
 {¶ 15} The remaining parts of the schedule of payments were rendered defunct because those payments could not be made through no fault of either party. It is contrary to the intent of the loan agreement to impose compound interest because of these non-payments. Appellee obtained the agreed eight percent interest upon the unpaid principal during this time. The time of the balloon payment became February 26, 2002. At this time, the principal of $3,691,952.13 was due together with interest of eight percent per annum from July 1, 1998 until February 26, 2002. (The same result would be reached if calculated every six months at four percent per annum because the principal did not decline.)
 {¶ 16} An easier calculation of interest is obtained by multiplying the principal of July 1, 1998 by .08 (eight percent). That would result in one year's interest. ($3,691,952.13 × .08 = $295,356.17). There are three years and 240 days from July 1, 1998, until the payment date of February 26, 2002. Thus, the annual interest of $295,365.17 must be multiplied by three and 240/365 or 3.657. That results in accrued interest as calculated by appellant's accountant.
 {¶ 17} In using those calculations, we find that appellant correctly calculated the interest due at the date of the final payment and made payment in full accordingly.
 {¶ 18} Appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court to render final judgment for appellant.
Judgment reversed and cause remanded.
Bryant and Klatt, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The entire promissory note and schedule of payments are contained on pages 13-19 in appellant's brief.